UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X
CHRISTINA M. GOODWIN,

            Plaintiff,                   **MEMORANDUM & ORDER**

   -against-                          24-cv-1139 (NRM) (SIL)

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

            Defendant.
──────────────────────────────X

**NINA R. MORRISON**, United States District Judge:

Plaintiff Christina M. Goodwin initiated this case under 42 U.S.C. § 405(g) to review the Social Security Administration's denial of her disability benefits. Following a joint motion to remand, the agency reversed its position and issued a Notice of Award, entitling Plaintiff to past due disability benefits. Plaintiff now moves for an attorney fee authorization under 42 U.S.C. § 406(b). For the reasons discussed below, this Court grants Plaintiff's motion.

## BACKGROUND

On June 5, 2020, Plaintiff Christina M. Goodwin retained Daniel A. Osborn, Esq. ("counsel"), of the firm Osborn Law, P.C., to challenge in federal court the Social Security Administration's ("SSA") denial of disability benefits. Plaintiff signed a contingency attorney fee agreement (the "First Agreement") with counsel, which provides, in relevant part, "[i]f my case is appealed to the Federal Court and results in the case being sent back to the Social Security Administration for further evaluation (a remand), or by obtaining my benefits outright by court order, I

1

understand that Daniel A. Osborn will be entitled to attorney fees and reimbursement of his costs for his work in Federal Court." First Att'y Fee Agreement, ECF No. 10-2 at 2.[1]  The Agreement further provides that these fees may total "25 (twenty-five) percent of the past-due benefits resulting from my claim or claims (which I understand may exceed $500.00 per hour)," and that, "[i]f my attorney, Daniel A. Osborn, is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b), he will refund the smaller of the amounts between the 406(b) fees and the EAJA fees to me the client, or my family." *Id.*  Plaintiff and counsel subsequently executed a substantially similar fee agreement (the "Second Agreement").  Second Att'y Fee Agreement, ECF No. 10-2 at 4–5.

Thereafter, Plaintiff filed a Complaint seeking judicial review of the SSA's adverse decision in her period of disability and disability insurance benefits case under 42 U.S.C. § 405(g).  Compl., ECF No. 1 (Feb. 2, 2024).  Counsel had previously represented Plaintiff in an earlier proceeding challenging the SSA's denial of benefits, *Goodwin v. Commissioner of Social Security*, No. 20-CV-2775 (JMA) (E.D.N.Y. June 23, 2020), which resulted in a remand to the agency in 2022.  Decl. of Daniel A. Osborn dated Dec. 8, 2025 ("Osborn Decl.") ¶ 3, ECF No. 10-1.  Following this remand, the SSA again denied benefits.  The agency's most recent adverse determination was dated December 1, 2023 and became final on January 31, 2024. Compl. ¶ 12.  Plaintiff sought reversal and remand, as well as costs and attorney's fees. *Id.* ¶ 14.

---

[1] All page references use ECF pagination except where noted.

2

The SSA filed the administrative transcript, *see* Administrative Tr. ("A.T."), ECF Nos. 4 & 5 (Aug. 16, 2024), and the parties then jointly moved to reverse and remand the SSA's determination to the agency for further proceedings. Joint Mot. to Remand, ECF No. 6 (May 23, 2024).

Following this successful resolution, the parties stipulated to an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). Joint Mot. for Att'y Fees, ECF No. 9 (Sep. 11, 2024). This Court granted the joint motion by a docket order dated October 29, 2024.

Following remand and further proceedings (wherein Plaintiff was represented by a different lawyer), the SSA issued a Notice of Award to Plaintiff on November 24, 2025. Notice of Award ("Notice"), ECF No. 10-5. This Notice of Award indicated Plaintiff's past due benefits totaled $207,729.00, Notice at 5, with $51,932.25 withheld for payment of attorney's fees pursuant to 42 U.S.C. § 406(b), *id.* at 6.

Plaintiff then filed the instant motion for attorney's fees. Mot. for Att'y Fees (406(b)) ("Mot."), ECF No. 10 (Dec. 8, 2025). This motion included an attorney declaration, the Notice of Award, the retainer and fee agreements executed between Plaintiff and counsel, and a statement of attorney time expended. Counsel also filed a memorandum of law in support of his fees request. Pl. Mem. of L. in Supp. of Mot. for Att'ys' Fees ("Pl. Mem."), ECF No. 10-7. The SSA filed a response, indicating it neither consents to nor opposes Plaintiff's motion. Resp. to Mot., ECF No. 12 (Dec. 11, 2025).

## **DISCUSSION**

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A). Though a motion for attorney's fees under section 406(b) is filed under Plaintiff's name, counsel is the true party in interest. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Section 406(b) permits contingency fee arrangements, provided they represent "a reasonable fee." *Wells v. Sullivan*, 907 F.2d 367, 369 (2d Cir. 1990).

As an initial matter, an application for fees must be made before the expiration of the 14-day time limit laid down in Fed. R. Civ. P. 54(d)(2)(B). *Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019). Here, counsel's application was made on December 8, 2025, fourteen days after the Notice of Award issued to Plaintiff. Counsel's application is thus timely.

Second, the Court must confirm that the fee authorization does not exceed 25 percent of the total past due benefits obtained by the claimant. Here, the $51,932.25 fee award requested by counsel is identical to the 25 percent withholding indicated by the Notice of Award. *Compare* Pl. Mem. at 1 (requesting $51,932.25 in fees), *with* Notice at 6 (indicating amount withheld for possible fee authorization). Moreover, counsel affirmatively indicates he will refund the earlier-awarded EAJA fee amount to Plaintiff, thereby reducing his total fees below 25 percent of total past due benefits.

4

Pl. Mem. at 4 n.1.  Accordingly, counsel's request comports with this facet of section 406(b).

This Court must next evaluate whether counsel's requested fee authorization is reasonable.  The Second Circuit instructs "that courts should 'approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness.'"  *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022) (quoting *Gisbrecht*, 535 U.S. at 808).  A reasonableness determination must consider (1) "the character of the representation and the results the representative achieved"; (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused"; (3) "whether there has been fraud or overreaching in making the contingency agreement"; and (4) whether "the benefits are large in comparison to the amount of time counsel spent on the case — the so-called 'windfall' factor . . . articulated in [*Wells*, 907 F.2d at 372]."  *Fields*, 24 F.4th at 853 (citation modified) (citing *Gisbrecht*, 535 U.S. at 808).

While the first two factors are "straightforward," the "windfall" factor is "less clear."  *Id.*  "Courts must consider more than the de facto hourly rate."  *Id.* at 854.  In evaluating whether a fee award constitutes a windfall, courts look to (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant — including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."  *Id.* at 854–55.

5

Applying these factors to the instant case indicates that counsel's requested fee authorization is reasonable. First, counsel represents that he dedicated 32.6 hours of work to Plaintiff's case before this Court across two appeals. Osborn Decl. ¶ 11. Dividing counsel's requested $51,932.25 fee authorization by these expended hours indicates counsel would receive a *de facto* hourly rate of $1,593.01. This rate is well within "the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *Dorta v. Saul*, No. 18-CV-396 (JLC), 2021 WL 776446, at *2 (S.D.N.Y. Mar. 1, 2021) (citations omitted); *see also Gentile v. Kijakazi*, No. 21-CV-641 (AMD), 2023 WL 6392905, at *2 (E.D.N.Y May 3, 2023) (collecting cases approving *de facto* hourly rates between $1,072.17 and $2,100 while finding an hourly rate of $1,750 to be reasonable); *Rubalskaya v. Comm'r of Soc. Sec.*, No. 23-CV-4625 (AMD), 2025 WL 2074177, at *2 (E.D.N.Y. July 23, 2025) (approving a *de facto* hourly rate of $979.70); *Hidalgo v. Comm'r of Soc. Sec. Admin.*, No. 20-CV-1271 (RPK), 2025 WL 1384246, at *2 (E.D.N.Y. May 13, 2025) (finding that a *de facto* hourly rate of $2,665.73 constituted a windfall where the attorney only expended 2.9 hours on the case before reducing the hourly rate to $1,500).

A review of the record also indicates that the requested fee authorization is reasonable. While counsel did not file a brief before this Court, the documentation he submitted indicates he filed a brief in the earlier appeal that led to remand to the SSA, Counsels' First Time Records at 2, ECF No. 10-3, and did substantive work on this case, including reviewing the 1,508-page administrative transcript, *see* A.T., and conferring with counsel for the SSA to achieve an early, non-adversarial resolution of

6

Plaintiff's appeal, *see* Counsels' Second Time Records at 3, ECF No. 10-4 (indicating counsel "[r]eview[ed] email re: remand" and ""[e]mail[ed] [Anne Zeigler, counsel for the SSA] regarding hearing upon remand"). Counsel has represented Plaintiff for years through multiple appeals in federal court. It is clear his firm achieved an excellent result for Plaintiff, prevailing in his efforts to reverse and remand the initial adverse SSA decision before prevailing again on a subsequent appeal. Counsel acted expeditiously through the litigation, avoiding undue delay, and there is no allegation of fraud or overreach by counsel. Moreover, the Agreement executed by counsel and Plaintiff appears to be standard for practitioners in this area of the law.

Finally, counsel's requested fee authorization does not represent a windfall. Counsel was efficient in his handling of the litigation. For example, he took the instant case before this Court to a successful post-filing resolution in six months through the expenditure of only 3 hours. Further, there is no indication that Plaintiff is dissatisfied with counsel's representation. That representation ultimately produced complete success, in the form of two remands to the agency. Finally, counsel represents that there was a degree of uncertainty as to Plaintiff's success. Pl. Mem. at 6.

This Court sees no reason to reduce counsel's fee below what Plaintiff consented to at the outset of this litigation. Counsel's representation was competent and efficient and, in the end, produced the results Plaintiff sought. Fees authorizations under section 406(b) serve the important end of encouraging attorneys to accept social security cases on a contingent basis, representing claimants who may

7

otherwise struggle to find attorneys. Counsel's requested fee authorization is reasonable, and he is entitled to the fee authorization that he and Plaintiff outlined in their Agreement.

## CONCLUSION

Accordingly, Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is GRANTED. The Commissioner is directed to release to counsel the $51,932.25 withheld from Plaintiff's past due benefits, in accordance with agency policy. Upon receipt of that fee, counsel must promptly refund to Plaintiff $7,288.00, the fee amount that counsel previously received under the EAJA. This case will remain closed.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: January 7, 2026
      Brooklyn, New York